IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FEB 2 ? 200?

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )    CIVIL NO. JFM-00-CV-1487 |
| | ) |
| vs. | )    Honorable J. Frederick Motz |
| | ) |
| 0.03 OF AN ACRE OF LAND, | ) |
| MORE OR LESS, LOCATED IN | ) |
| WASHINGTON COUNTY | ) |
| MARYLAND AND CSX | ) |
| TRANSPORTATION, INC., ET AL. | ) |
| | ) |
| Defendants. | ) |

## STIPULATION OF SETTLEMENT AND JUST COMPENSATION

The Plaintiff, the United States of America, and the Defendant, CSX Transportation

Inc. ("CSX"), by their undersigned counsel, hereby stipulate and agree as follows:

1. That the United States of America, in lieu of the right and easement described in

Exhibit "B" to the Complaint in Condemnation herein, shall obtain the following, and only the

following, right and easement:

> A PERPETUAL, exclusive and assignable right and easement
> consisting of the right to locate, control and manage a 20-foot-wide
> unimproved crossing for pedestrian use exclusively between a point on
> tangent at the Mason Dixon Line, and a point on tangent at Valuation
> Station 3625+72.8, in accordance with the provisions and intent of the
> National Trails System Act, to construct, locate, relocate, manage and
> use and maintain the crossing as a public footpath for the use and
> benefit of the general public, including the right to permit members of
> the general public to traverse the area, encompassed within the twenty
> (20)-foot-wide crossing; to post appropriate warning signs at each point
> of ingress and egress warning users of the Trail as to the potential
> danger involved in crossing railroad tracks; and for other purposes as
> may be required in connection with the construction, relocation,
> management, development, use and maintenance of said Trail. The

land in which the above interest and estate is to be conveyed is
described in Exhibit A, attached hereto. The 20-foot-wide crossing
may be located and relocated within the area as shown on Exhibit "C,"
attached hereto and made a part hereof.

The Grantee[1] acquires the right, but not the obligation, to mark the 20-
foot-wide crossing by installing aluminum monuments to be flush with
the ground on both sides of the railroad tracks as shown on Exhibit
"C"; to remove and reset the aluminum monuments in the event that
the 20-foot-wide crossing is relocated in accordance with the terms
above; and to install a treated lumber post on both sides of the railroad
right-of-way with a sign, approximately 15 inches by 18 inches in size,
warning hikers of the railroad crossing.

RESERVING unto the Grantor[2] and its assigns the right to construct,
install, operate, maintain, use, repair, replace, renew, rehabilitate and
remove tracks, sewer, gas, water, poles, pipes, wires, cables, power,
signal and communications lines, fiber optic lines, telecommunications
lines and their appurtenances, hereinafter referred to as facilities, under
or beneath the parcel of land described in Exhibit "A"; and such
facilities as are necessary for railroad operations across and over the
same; and the Grantor further reserves the right to convey and transfer
these rights to any occupant, or third party by providing notice to the
Grantee; and the Grantor specifically excepts and reserves and retains
for itself the right to sell and to collect any and all rentals, fees,
income, charges and considerations resulting from such facilities.

It is further understood and agreed that no mechanized or motorized
equipment or vehicles of any nature are allowed on the property as
described in Exhibit "A" except in conjunction with such uses as may
be specifically reserved herein, or for emergency purposes.

See Attachment 1, Exhibit B.

  2. A description of the subject easement is incorporated in "Attachment 2" and entitled

"Schedule B," and attached to this document. This description supercedes the description

---

[1]     The term "Grantee" refers to Plaintiff, the United States of America.

[2]     The term "Grantor" refers to Defendant, CSX Transportation, Inc.

contained in Schedule "B" of the complaint.

3. The United States, through the Department of the Interior, National Park Service, Land Acquisition Field Office, Martinsburg, West Virginia, shall provide CSX Transportation Inc., c/o CSX Real Property, Inc., Bell South Tower, 8th Floor, 301 West Bay Street, Jacksonville, Florida, 32202, written notification thirty (30) days prior to changing the current location of the crossing as depicted in Exhibit "C" and attached hereto as Attachment 3.

4. Relocation of the crossing to a new location within the described easement area will extinguish the existence of the former crossing.

5. The United States will remove any signs or posts existing at the former crossing once relocation of the crossing is complete.

6. The public use for which the easement is taken is described in Schedule "A" of the Complaint.

7. The full and just compensation payable by the United States of America for the taking of an easement on the property, as set forth above and described in Attachment 1 to this document, shall be the sum of $800.00, inclusive of interest;

8. That the said sum shall be full and just compensation and in full satisfaction of any and all claims of whatever nature against the United States of America, by reason of the institution and prosecution of this action and the taking of said right and easement;

9. The United States will not make any improvements to the property that is the subject of the condemnation other than those improvements associated and consistent with maintenance of the Appalachian Trail, as described in Schedule "A" of the Complaint.

10. The parties consent to the entry by the Court of all orders, judgments and decrees

to effectuate this Stipulation.

FOR THE UNITED STATES OF AMERICA

MATTHEW S. CLIFFORD
ANDREW M. GOLDFRANK

U.S. Department of Justice
Environment and Natural Resources Division
Land Acquisition Section
P.O. Box 561
Ben Franklin Station
Washington, DC 20044-0561

FOR CSX TRANSPORTATION, INC.

WILLIAM C. BASNEY
Senior Counsel
CSX Transportation, Inc.
500 Water Street
Jacksonville, FL 32203-4423

4

# EXHIBIT B

A PERPETUAL, exclusive and assignable right and easement consisting of the right to locate, control and manage a 20-foot-wide unimproved crossing for pedestrian use exclusively between a point on tangent at the Mason-Dixon Line, and a point on tangent at Valuation Station 3625+72.8, in accordance with the provisions and intent of the National Trails System Act, to construct, locate, relocate, manage and use and maintain the crossing as a public footpath for the use and benefit of the general public, including the right to permit members of the general public to traverse the area, encompassed within the twenty (20)-foot-wide crossing; to post appropriate warning signs at each point of ingress and egress warning users of the Trail as to the potential danger involved in crossing railroad tracks; and for other purposes as may be required in connection with the construction, relocation, management, development, use and maintenance of said Trail. The land in which the above interest and estate is to be conveyed is described in Exhibit A, attached hereto. The 20-foot-wide crossing may be located and relocated within the area as shown on Exhibit "C," attached hereto and made a part hereof.

The Grantee[1] acquires the right, but not the obligation, to mark the 20-foot-wide crossing by installing aluminum monuments to be flush with the ground on both sides of the railroad tracks as shown on Exhibit "C"; to remove and reset the aluminum monuments in the event that the 20-foot-wide crossing is relocated in accordance with the terms above; and to install a treated lumber post on both sides of the railroad right-of-way with a sign, approximately 15 inches by 18 inches in size, warning hikers of the railroad crossing.

RESERVING unto the Grantor[2] and its assigns the right to construct, install, operate, maintain, use, repair, replace, renew, rehabilitate and remove tracks, sewer, gas, water, poles, pipes, wires, cables, power, signal and communications lines, fiber optic lines, telecommunication lines and their appurtenances, hereinafter referred to as facilities, under or beneath the parcel of land described in Exhibit "A"; and such facilities as are necessary for railroad operations across and over the same; and the Grantor further reserves the right to convey and transfer these rights to any occupant, or third party by providing notice to the Grantee; and the Grantor specifically excepts and reserves and retains for itself the right to sell and to collect any and all rentals, fees, income, charges and considerations resulting from such facilities.

It is further understood and agreed that no mechanized or motorized equipment or vehicles of any nature are allowed on the property as described in Exhibit "A" except in conjunction with such uses as may be specifically reserved herein, or for emergency purposes.

---

[1]     The term "Grantee" refers to Plaintiff, the United States of America.
[2]     The term "Grantor" refers to Defendant, CSX Transportation, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. JFM-00-CV-1487 |
| | ) | |
| vs. | ) | Honorable J. Frederick Motz |
| | ) | |
| 0.03 OF AN ACRE OF LAND, | ) | |
| MORE OR LESS, LOCATED IN | ) | |
| WASHINGTON COUNTY | ) | |
| MARYLAND AND CSX | ) | |
| TRANSPORTATION, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT AND ORDER OF DISTRIBUTION

This matter comes to the Court by way of a Stipulation entered into by the United

States of America and CSX Transportation Inc. ("CSX"). The Stipulation is attached as

Exhibit 1. Pursuant to the Stipulation and the record in this case, it appears to the Court that a

Complaint in Condemnation was filed on May 23, 2000.

It further appears to the court that this proceeding has been regularly conducted and

that all necessary parties to this action have been served. It additionally is clear to the Court,

by way of the Stipulation filed herein, that the amount of just compensation has been agreed to

by the parties. Furthermore, it is apparent that the United States of America has the right to

condemn for public use the property described in the Complaint and attached hereto in

Schedules A, B and C. See Exhibits 2, 3 and 4.

NOW, therefore, pursuant to the Stipulation,

IT IS HEREBY ORDERED ADJUDGED AND DECREED as follows:

1. The sum of $ 800.00 is the full and just compensation payable by the United States to CSX for the taking of the perpetual, exclusive and assignable right and easement, set forth in paragraph 1 of the Stipulation, <u>see</u> Exhibit 1, and that CSX is the only party entitled to just compensation for said taking. Judgment shall enter against the United States in said amount, which the United States shall deposit into the Registry of Court.

2. The perpetual, exclusive and assignable right and easement, set forth in Schedule B, <u>see</u> Exhibit 3, shall vest in the United States free and discharged of all claims and liens of every kind whatsoever upon payment of the above sum into the registry of the Court.

3. The estates and interests described in the Stipulation of Settlement and Just Compensation are hereby condemned and taken for the use of the United States as authorized by law and as further described in the Stipulation, upon payment of the above sum into the Registry of the Court.

4. The Clerk of the Court shall pay the aforesaid amount of $ 800.00 to CSX Transportation Inc., as the amount of just compensation judicially determined for the estates and interests acquired.

SO ORDERED, this _____ day of _____ 2002.


_____
United States District Judge

2



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. JFM-00-CV-1487 |
| | ) | |
| vs. | ) | Honorable J. Frederick Motz |
| | ) | |
| 0.03 OF AN ACRE OF LAND, | ) | |
| MORE OR LESS, LOCATED IN | ) | |
| WASHINGTON COUNTY | ) | |
| MARYLAND AND CSX | ) | |
| TRANSPORTATION, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION OF SETTLEMENT AND JUST COMPENSATION

The Plaintiff, the United States of America, and the Defendant, CSX Transportation

Inc. ("CSX"), by their undersigned counsel, hereby stipulate and agree as follows:

1. That the United States of America, in lieu of the right and easement described in

Exhibit "B" to the Complaint in Condemnation herein, shall obtain the following, and only the

following, right and easement:

> A PERPETUAL, exclusive and assignable right and easement
> consisting of the right to locate, control and manage a 20-foot-wide
> unimproved crossing for pedestrian use exclusively between a point on
> tangent at the Mason Dixon Line, and a point on tangent at Valuation
> Station 3625+72.8, in accordance with the provisions and intent of the
> National Trails System Act, to construct, locate, relocate, manage and
> use and maintain the crossing as a public footpath for the use and
> benefit of the general public, including the right to permit members of
> the general public to traverse the area, encompassed within the twenty
> (20)-foot-wide crossing; to post appropriate warning signs at each point
> of ingress and egress warning users of the Trail as to the potential
> danger involved in crossing railroad tracks; and for other purposes as
> may be required in connection with the construction, relocation,
> management, development, use and maintenance of said Trail. The

land in which the above interest and estate is to be conveyed is
described in Exhibit A, attached hereto. The 20-foot-wide crossing
may be located and relocated within the area as shown on Exhibit "C,"
attached hereto and made a part hereof.

The Grantee[1] acquires the right, but not the obligation, to mark the 20-
foot-wide crossing by installing aluminum monuments to be flush with
the ground on both sides of the railroad tracks as shown on Exhibit
"C"; to remove and reset the aluminum monuments in the event that
the 20-foot-wide crossing is relocated in accordance with the terms
above; and to install a treated lumber post on both sides of the railroad
right-of-way with a sign, approximately 15 inches by 18 inches in size,
warning hikers of the railroad crossing.

RESERVING unto the Grantor[2] and its assigns the right to construct,
install, operate, maintain, use, repair, replace, renew, rehabilitate and
remove tracks, sewer, gas, water, poles, pipes, wires, cables, power,
signal and communications lines, fiber optic lines, telecommunications
lines and their appurtenances, hereinafter referred to as facilities, under
or beneath the parcel of land described in Exhibit "A"; and such
facilities as are necessary for railroad operations across and over the
same; and the Grantor further reserves the right to convey and transfer
these rights to any occupant, or third party by providing notice to the
Grantee; and the Grantor specifically excepts and reserves and retains
for itself the right to sell and to collect any and all rentals, fees,
income, charges and considerations resulting from such facilities.

It is further understood and agreed that no mechanized or motorized
equipment or vehicles of any nature are allowed on the property as
described in Exhibit "A" except in conjunction with such uses as may
be specifically reserved herein, or for emergency purposes.

See Attachment 1, Exhibit B.

   2.  A description of the subject easement is incorporated in "Attachment 2" and entitled

"Schedule B," and attached to this document. This description supercedes the description

---

[1]      The term "Grantee" refers to Plaintiff, the United States of America.

[2]      The term "Grantor" refers to Defendant, CSX Transportation, Inc.

contained in Schedule "B" of the complaint.

3. The United States, through the Department of the Interior, National Park Service, Land Acquisition Field Office, Martinsburg, West Virginia, shall provide CSX Transportation Inc., c/o CSX Real Property, Inc., Bell South Tower, 8th Floor, 301 West Bay Street, Jacksonville, Florida, 32202, written notification thirty (30) days prior to changing the current location of the crossing as depicted in Exhibit "C" and attached hereto as Attachment 3.

4. Relocation of the crossing to a new location within the described easement area will extinguish the existence of the former crossing.

5. The United States will remove any signs or posts existing at the former crossing once relocation of the crossing is complete.

6. The public use for which the easement is taken is described in Schedule "A" of the Complaint.

7. The full and just compensation payable by the United States of America for the taking of an easement on the property, as set forth above and described in Attachment 1 to this document, shall be the sum of $800.00, inclusive of interest;

8. That the said sum shall be full and just compensation and in full satisfaction of any and all claims of whatever nature against the United States of America, by reason of the institution and prosecution of this action and the taking of said right and easement;

9. The United States will not make any improvements to the property that is the subject of the condemnation other than those improvements associated and consistent with maintenance of the Appalachian Trail, as described in Schedule "A" of the Complaint.

10. The parties consent to the entry by the Court of all orders, judgments and decrees

3

to effectuate this Stipulation.

FOR THE UNITED STATES OF AMERICA

MATTHEW S. CLIFFORD
ANDREW M. GOLDFRANK

U.S. Department of Justice
Environment and Natural Resources Division
Land Acquisition Section
P.O. Box 561
Ben Franklin Station
Washington, DC 20044-0561

FOR CSX TRANSPORTATION, INC.

WILLIAM C. BASNEY
Senior Counsel
CSX Transportation, Inc.
500 Water Street
Jacksonville, FL 32203-4423

4

# EXHIBIT B

A PERPETUAL, exclusive and assignable right and easement consisting of the right to locate, control and manage a 20-foot-wide unimproved crossing for pedestrian use exclusively between a point on tangent at the Mason-Dixon Line, and a point on tangent at Valuation Station 3625+72.8, in accordance with the provisions and intent of the National Trails System Act, to construct, locate, relocate, manage and use and maintain the crossing as a public footpath for the use and benefit of the general public, including the right to permit members of the general public to traverse the area, encompassed within the twenty (20)-foot-wide crossing; to post appropriate warning signs at each point of ingress and egress warning users of the Trail as to the potential danger involved in crossing railroad tracks; and for other purposes as may be required in connection with the construction, relocation, management, development, use and maintenance of said Trail. The land in which the above interest and estate is to be conveyed is described in Exhibit A, attached hereto. The 20-foot-wide crossing may be located and relocated within the area as shown on Exhibit "C," attached hereto and made a part hereof.

The Grantee[1] acquires the right, but not the obligation, to mark the 20-foot-wide crossing by installing aluminum monuments to be flush with the ground on both sides of the railroad tracks as shown on Exhibit "C"; to remove and reset the aluminum monuments in the event that the 20-foot-wide crossing is relocated in accordance with the terms above; and to install a treated lumber post on both sides of the railroad right-of-way with a sign, approximately 15 inches by 18 inches in size, warning hikers of the railroad crossing.

RESERVING unto the Grantor[2] and its assigns the right to construct, install, operate, maintain, use, repair, replace, renew, rehabilitate and remove tracks, sewer, gas, water, poles, pipes, wires, cables, power, signal and communications lines, fiber optic lines, telecommunication lines and their appurtenances, hereinafter referred to as facilities, under or beneath the parcel of land described in Exhibit "A"; and such facilities as are necessary for railroad operations across and over the same; and the Grantor further reserves the right to convey and transfer these rights to any occupant, or third party by providing notice to the Grantee; and the Grantor specifically excepts and reserves and retains for itself the right to sell and to collect any and all rentals, fees, income, charges and considerations resulting from such facilities.

It is further understood and agreed that no mechanized or motorized equipment or vehicles of any nature are allowed on the property as described in Exhibit "A" except in conjunction with such uses as may be specifically reserved herein, or for emergency purposes.

---

[1]     The term "Grantee" refers to Plaintiff, the United States of America.
[2]     The term "Grantor" refers to Defendant, CSX Transportation, Inc.

**2**

SCHEDULE "B"


APPALACHIAN NATIONAL SCENIC TRAIL

WASHINGTON COUNTY, MARYLAND

TRACT 399-23


DESCRIPTION:

All that certain tract or parcel of land lying and being situated in Election District No. 14, Washington County, State of Maryland, and being more particularly described as follows:

A 20-foot wide strip of land lying between the State line of Pennsylvania and Maryland, a.k.a. the Mason-Dixon Line, and a point on tangent approximately 300 feet south of the Mason Dixon Line; said 20-foot wide strip of land lying completely within Parcel No. 5, as shown on the Schedule of Property for subject owner, as tabulated on the railroad valuation plan(s) referenced herewith; said 20-foot wide strip of land is for the purpose of crossing the 66-foot wide right-of-way and being located between a point on tangent at the Mason-Dixon Line, and a point on tangent at valuation station 3625+72.8.

Containing 0.03 of an acre, more or less.

The above-described parcel, designated as Tract 399-23, Appalachian National Scenic Trail, is a portion of the same land conveyed to CSX Transportation, Incorporated (a Virginia Corporation) from Western Railway Company (a Maryland Corporation) by Certificate of Conveyance dated December 16, 1988 and recorded April 25, 1989 in Deed Book 912, Page 547 among the Land Records of Washington County, State of Maryland. Being a portion of the same land vested to CSX Transportation Incorporated, formerly known as Western Maryland Railway Company, by a Certificate of Merger filed December 16, 1988 and recorded April 25, 1989, in Corporation Book 40, Page 390, among the Corporate Records of Washington County, State of Maryland. Western Maryland Railway Company acquired the above-described lands from John Downin, et ux., by deed dated May 28, 1874 and recorded July 30, 1874 in Deed Book WMCKK 6, Page 675, among the Land Records of Washington County, State of Maryland.

SCHEDULE "B" - CONTINUED

REFERENCE IS MADE TO VALUATION PLANS V1-2/35, V2-2/35, AND V1-3, RIGHT-OF-WAY AND TRACT MAP, WESTERN MARYLAND RAILWAY COMPANY, STATION 3590+40 TO STATION 3696+00.

ESTATE TO BE ACQUIRED:

A perpetual, exclusive and assignable right and easement as described in Exhibit B and as depicted on Exhibit C attached hereto, subject to existing easements for public roads and highways, public utilities, railroads and pipelines.

NAMES AND ADDRESSES OF PURPORTED OWNERS:

CSX Transportation, Inc.
c/o Mr. Michael Hutchins
Manager, Real Estate Services
500 Water Street
Jacksonville, Florida 32202

NAMES AND ADDRESSES OF OTHER PARTIES WHO MAY HAVE OR CLAIM AN INTEREST IN THE LAND:

Treasurer, County of Washington          By virtue of possible lien for
Courthouse Annex, Room 100               unpaid real estate taxes.
25 Summit Avenue
Hagerstown, Maryland 21740

Unknown Owners

**3**



EXHIBIT C

STATE OF MARYLAND
DNR 525/25 PARCEL 2

STATE OF MARYLAND
DNR 525/25 PARCEL 3

Mason Dixon Line

Maryland

Pennsylvania

USA

399-09

399-23

Appalachian Trail Abandoned Trolly Line

CSX Railroad a 66' wide strip of land,
see Valuation Plans V1-2/35, V2-2/35,
and V1-3/35, June 30, 1919, Right-Of-Way
and Track Map, Western Maryland Railroad Co.
on file at the Office of Valuation Engineer, Baltimore, Md.

4' high yellow rail

PEN MAR PARK

Appalachian Trail (Promenade)

Point of Curve, Station 3622+72.8, more or less

State Line Crossing, Station 3623+15, more or less

Rail and Flange Grease Box

Appalachian Trail's existing crossing location, Station 3624+00, more or less

Southern Limits of Tr. 399-23, Proposed Right-of-Way Easement Area, Station 3625+72.8

PEN MAR

399-14

WASHINGTON COUNTY
RECREATION AND PARKS DIVISION

Plotting of Appalachian National Scenic Trail
Tract 399-23, Lands N/F CSX Transportation, Inc.

A Right-Of-Way Easement
for purpose of a trail crossing

Being a perpendicular 20-foot wide crossing, with
the right to move the trail's location between the
Mason Dixon Line, and a line 300 feet south that line,
at Railroad Valuation Station 3625+72.8

300' X 66' = 19,800 sq. ft.     affected area, (0.45 of an Acre, more or less)
20' X 66' = 1,320 sq. ft.     proposed crossing area, (0.03 of an Acre, more or less)

GRAPHIC SCALE

EXHIBIT
2

SCHEDULE "A"

APPALACHIAN NATIONAL SCENIC TRAIL

AUTHORITY FOR THE TAKING

The authority for the taking of the land is under and in accordance with the Act of Congress

approved August l, l888, 25 Stat. 357, as amended, 40 U.S.C., sec. 257; the Land and Water

Conservation Fund Act of 1965, 78 Stat. 897, as amended, 16 U.S.C., sec. 460l-4, et seq.; the Act

of October 2, l968, 82 Stat. 9l9, as amended, l6 U.S.C., sec. 1241, et seq., which Act authorized

the Appalachian National Scenic Trail, and under the authority of the Department of the Interior

and Related Agencies Appropriations Act, Fiscal Year 1999, signed October 21, 1998, Public

Law 105-277, which Act appropriated funds for such purposes.


PUBLIC USES

The public uses for which said land is to be taken are as follows:

The land is required for the proper administration, preservation, and development of the

Appalachian National Scenic Trail for the benefit and enjoyment of the public.  The said land has

been selected for acquisition by the United States of America for said purposes, and for such

other uses as may be authorized by Congress or by Executive Order.

EXHIBIT

3

SCHEDULE "B"


APPALACHIAN NATIONAL SCENIC TRAIL


WASHINGTON COUNTY, MARYLAND


TRACT 399-23


DESCRIPTION:

All that certain tract or parcel of land lying and being situated in Election District No. 14, Washington County, State of Maryland, and being more particularly described as follows:

A 20-foot wide strip of land lying between the State line of Pennsylvania and Maryland, a.k.a. the Mason-Dixon Line, and a point on tangent approximately 300 feet south of the Mason Dixon Line; said 20-foot wide strip of land lying completely within Parcel No. 5, as shown on the Schedule of Property for subject owner, as tabulated on the railroad valuation plan(s) referenced herewith; said 20-foot wide strip of land is for the purpose of crossing the 66-foot wide right-of-way and being located between a point on tangent at the Mason-Dixon Line, and a point on tangent at valuation station 3625+72.8.

Containing 0.03 of an acre, more or less.

The above-described parcel, designated as Tract 399-23, Appalachian National Scenic Trail, is a portion of the same land conveyed to CSX Transportation, Incorporated (a Virginia Corporation) from Western Railway Company (a Maryland Corporation) by Certificate of Conveyance dated December 16, 1988 and recorded April 25, 1989 in Deed Book 912, Page 547 among the Land Records of Washington County, State of Maryland. Being a portion of the same land vested to CSX Transportation Incorporated, formerly known as Western Maryland Railway Company, by a Certificate of Merger filed December 16, 1988 and recorded April 25, 1989, in Corporation Book 40, Page 390, among the Corporate Records of Washington County, State of Maryland. Western Maryland Railway Company acquired the above-described lands from John Downin, et ux., by deed dated May 28, 1874 and recorded July 30, 1874 in Deed Book WMCKK 6, Page 675, among the Land Records of Washington County, State of Maryland.

SCHEDULE "B" - CONTINUED

REFERENCE IS MADE TO VALUATION PLANS VI-2/35, V2-2/35, AND V1-3,
RIGHT-OF-WAY AND TRACT MAP, WESTERN MARYLAND RAILWAY COMPANY,
STATION 3590+40 TO STATION 3696+00.

ESTATE TO BE ACQUIRED:

A perpetual, exclusive and assignable right and easement as described in Exhibit B and as depicted
on Exhibit C attached hereto, subject to existing easements for public roads and highways, public
utilities, railroads and pipelines.

NAMES AND ADDRESSES OF PURPORTED OWNERS:

CSX Transportation, Inc.
c/o Mr. Michael Hutchins
Manager, Real Estate Services
500 Water Street
Jacksonville, Florida 32202

NAMES AND ADDRESSES OF OTHER PARTIES WHO MAY HAVE OR CLAIM AN
INTEREST IN THE LAND:

Treasurer, County of Washington            By virtue of possible lien for
Courthouse Annex, Room 100                 unpaid real estate taxes.
25 Summit Avenue
Hagerstown, Maryland 21740

Unknown Owners

# EXHIBIT B

A PERPETUAL, exclusive and assignable right and easement consisting of the right to locate, control and manage a 20-foot-wide unimproved crossing for pedestrian use exclusively between a point on tangent at the Mason-Dixon Line, and a point on tangent at Valuation Station 3625+72.8, in accordance with the provisions and intent of the National Trails System Act, to construct, locate, relocate, manage and use and maintain the crossing as a public footpath for the use and benefit of the general public, including the right to permit members of the general public to traverse the area, encompassed within the twenty (20)-foot-wide crossing; to post appropriate warning signs at each point of ingress and egress warning users of the Trail as to the potential danger involved in crossing railroad tracks; and for other purposes as may be required in connection with the construction, relocation, management, development, use and maintenance of said Trail. The land in which the above interest and estate is to be conveyed is described in Exhibit A, attached hereto. The 20-foot-wide crossing may be located and relocated within the area as shown on Exhibit "C," attached hereto and made a part hereof.

The Grantee acquires the right, but not the obligation, to mark the 20-foot-wide crossing by installing aluminum monuments to be flush with the ground on both sides of the railroad tracts as shown on Exhibit "C"; to remove and reset the aluminum monuments in the event that the 20-foot-wide crossing is relocated in accordance with the terms above; and to install a treated lumber post on both sides of the railroad right-of-way with a sign, approximately 15 inches by 18 inches in size, warning hikers of the railroad crossing.

RESERVING unto the Grantor and its assigns the right to construct, install, operate, maintain, use, repair, replace, renew, rehabilitate and remove tracks, sewer, gas, water, poles, pipes, wires, cables, power, signal and communications lines, fiber optic lines, telecommunication lines and their appurtenances, hereinafter referred to as facilities, under or beneath the parcel of land described in Exhibit "A"; and such facilities as are necessary for railroad operations across and over the same; and the Grantor further reserves the right to convey and transfer these rights to any occupant, or third party by providing notice to the Grantee; and the Grantor specifically excepts and reserves and retains for itself the right to sell and to collect any and all rentals, fees, income, charges and considerations resulting from such facilities.

It is further understood and agreed that no mechanized or motorized equipment or vehicles of any nature are allowed on the property as described in Exhibit "A" except in conjunction with such uses as may be specifically reserved herein, or for emergency purposes.



EXHIBIT

4

Plotting of Appalachian National Scenic Trail
Tract 399-23, Lands N/F CSX Transportation, Inc.

A Right-Of-Way Easement
for purpose of a trail crossing

Being a perpendicular 20-foot wide crossing, with
the right to move the trail's location between the
Mason Dixon Line, and a line 300 feet south that line,
at Railroad Valuation Station 3625+72.8

300' X 66' = 19,800 sq. ft.    affected area, (0.45 of an Acre, more or less)
20 X 66' = 1,320 sq. ft.    proposed crossing area, (0.03 of an Acre, more or less)

WASHINGTON   COUNTY
RECREATION AND PARKS DIVISION

399-14

PEN MAR

Point of Curve, Station 3622+72.8, more or less

State Line Crossing, Station 3623+15, more or less

Rail and Flange Grease Box

Appalachian Trail's existing crossing location, Station 3624+00, more or less

Southern Limits of Tr. 399-23, Proposed Right-of-Way Easement Area,
Station 3625+72.8

Appalachian Trail (promenade)

399-23

399-09
U S A

4' high yellow trail

Mason Dixon Line

Pennsylvania
Maryland

Appalachian Trail
Abandoned
Trolly Line

STATE OF
MARYLAND
DNR 525/25   PARCEL 3

STATE OF
MARYLAND
DNR 525/25   PARCEL 2

CSX Railroad a 66' wide strip of land
Valuation plans V1-2/35, V2-2/35,
and V3-2/35, June 30, 1919 Map,
on file at the Office of Valuation Engineer,
Western Maryland Railroad Co.
Baltimore, Md.

GRAPHIC SCALE

PEN MAR PARK

EXHIBIT C

SCHEDULE "B"


APPALACHIAN NATIONAL SCENIC TRAIL


WASHINGTON COUNTY, MARYLAND


TRACT 399-23


DESCRIPTION:

All that certain tract or parcel of land lying and being situated in Election District No. 14, Washington County, State of Maryland, and being more particularly described as follows:

A 20-foot wide strip of land lying between the State line of Pennsylvania and Maryland, a.k.a. the Mason-Dixon Line, and a point on tangent approximately 300 feet south of the Mason Dixon Line; said 20-foot wide strip of land lying completely within Parcel No. 5, as shown on the Schedule of Property for subject owner, as tabulated on the railroad valuation plan(s) referenced herewith; said 20-foot wide strip of land is for the purpose of crossing the 66-foot wide right-of-way and being located between a point on tangent at the Mason-Dixon Line, and a point on tangent at valuation station 3625+72.8.

Containing 0.03 of an acre, more or less.

The above-described parcel, designated as Tract 399-23, Appalachian National Scenic Trail, is a portion of the same land conveyed to CSX Transportation, Incorporated (a Virginia Corporation) from Western Railway Company (a Maryland Corporation) by Certificate of Conveyance dated December 16, 1988 and recorded April 25, 1989 in Deed Book 912, Page 547 among the Land Records of Washington County, State of Maryland. Being a portion of the same land vested to CSX Transportation Incorporated, formerly known as Western Maryland Railway Company, by a Certificate of Merger filed December 16, 1988 and recorded April 25, 1989, in Corporation Book 40, Page 390, among the Corporate Records of Washington County, State of Maryland. Western Maryland Railway Company acquired the above-described lands from John Downin, et ux., by deed dated May 28, 1874 and recorded July 30, 1874 in Deed Book WMCKK 6, Page 675, among the Land Records of Washington County, State of Maryland.

SCHEDULE "B" - CONTINUED

REFERENCE IS MADE TO VALUATION PLANS VI-2/35, V2-2/35, AND V1-3,
RIGHT-OF-WAY AND TRACT MAP, WESTERN MARYLAND RAILWAY COMPANY,
STATION 3590+40 TO STATION 3696+00.

ESTATE TO BE ACQUIRED:

A perpetual, exclusive and assignable right and easement as described in Exhibit B and as depicted
on Exhibit C attached hereto, subject to existing easements for public roads and highways, public
utilities, railroads and pipelines.

NAMES AND ADDRESSES OF PURPORTED OWNERS:

CSX Transportation, Inc.
c/o Mr. Michael Hutchins
Manager, Real Estate Services
500 Water Street
Jacksonville, Florida  32202

NAMES AND ADDRESSES OF OTHER PARTIES WHO MAY HAVE OR CLAIM AN
INTEREST IN THE LAND:

Treasurer, County of Washington            By virtue of possible lien for
Courthouse Annex, Room 100                 unpaid real estate taxes.
25 Summit Avenue
Hagerstown, Maryland  21740

Unknown Owners



PEN MAR

Point of Curve, Station 3622+72.8, more or less

State Line Crossing, Station 3623+15, more or less

Rail and Flange Grease Box

Appalachian Trail's existing crossing location, Station 3624+00, more or less

Southern Limits of Tr. 399-23, Proposed Right-of-Way Easement Area, Station 3625+72.8

399-14

WASHINGTON COUNTY
RECREATION AND PARKS DIVISION

Plotting of Appalachian National Scenic Trail
Tract 399-23, Lands N/F CSX Transportation, Inc.

A Right-Of-Way Easement
for purpose of a trail crossing

Being a perpendicular 20-foot wide crossing, with
the right to move the trail's location between the
Mason Dixon Line, and a line 300 feet south that line,
at Railroad Valuation Station 3625+72.8

300' X 66' = 19,800 sq. ft.        affected area, (0.45 of an Acre, more or less)
20' X 66' = 1,320 sq. ft.    proposed crossing area, (0.03 of an Acre, more or less)

Appalachian Trail (Promenade)

PEN MAR PARK

399-23

399-09
U S A

1' high yellow rail

CSX Railroad a 66' wide strip of land.
Valuation plans Vt.-2/35, Vt.-3/35,
and Track Map, June 30, 1919. Western Maryland Railroad Co.
on file at the Office of Valuation Engineer, Baltimore, Md.

Mason Dixon Line

Pennsylvania
Maryland

Appalachian Trail
Abandoned
Trolley Line

STATE OF
MARYLAND
DNR 525/25   PARCEL 3

STATE OF
MARYLAND
DNR 525/25   PARCEL 2

GRAPHIC SCALE

EXHIBIT C